IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ELIZABETH SNOW; DANIEL Q. BURDICK; LINDA THOMS; R. DRAKE EWBANK; on behalf of themselves and all other individuals similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>LANE COUNTY MENTAL HEALTH SERVICES; LANE COUNTY HEALTH and HUMAN SERVICES DIRECTOR ROB ROCKSTROH, in his official capacity; LANE COUNTY MENTAL HEALTH MEDICAL DIRECTOR MICHEL FARIVAR, M.D., in his official capacity;<br><br>　　　　　　Defendants. | Case No. 10-6224-HO<br><br>ORDER |

INTRODUCTION

On February 8, 2011, plaintiffs appearing *pro se*, filed their Second Amended Complaint, a proposed class action alleging "numerous violations of rights" pursuant to the Americans with

1 - ORDER

Disabilities Act (ADA), and the Rehabilitation Act (RA), as well as "discriminatory acts" by state and county defendants. [#47]. On August 9, 2011, all state defendants were dismissed from this action [#113], upon a stipulated motion to dismiss [#111].

## DISCUSSION

This action appears to stem from plaintiffs' objections to government entities cancelling their contracts with two peer-run mental health organizations, SAFE Inc., and Crystal Dimensions. [#47; #54-p.4; #56-p.4].

1.  Motions to Dismiss:

Plaintiffs allege: (1) discrimination in violation of Title II of the ADA by (a) "treating SAFE and Crystal Dimensions disparately and unequally compared to other mental health providers who were not operated by individuals with psychiatric disabilities", (b) "stereotyping and stigmatizing Plaintiffs on the basis of their disabilities" and (c) "creating a hostile environment for people with psychiatric disabilities attempting to run a consumer-directed service provision . . . or work in the Defendant's system of care"; (2) retaliation in violation of Title V of the ADA; and (3) discrimination in violation of the RA by using "methods of administration intentionally to make it fiscally impossible for plaintiffs to tenably operate a mental health services program and by doing so excluded them from participation . . .in Defendants' contracted programs." [#47].

2 - ORDER

The county defendants' previous motion to dismiss all claims against *inter alia* Dr. Farivar was denied by this court on April 21, 2011. [#97].

Dr. Farivar's renewed "Motion to Drop" (construed as a Motion to Dismiss), is currently before the court. [#123]. Plaintiffs oppose Dr. Farivar's motion arguing that his actions have directly harmed them, he has been unresponsive to even minimal discovery requests and they are unsure of his employment status with Lane County. [#125]

A.   Standards:

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) is proper only where there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. *Balisteri v. Pacific Police Dept.*, 901 F.2d 696,699 (9th Cir.1990). The issue is not whether the plaintiff is likely to succeed on the merits but if the complaint is sufficient to entitle the plaintiff to proceed beyond the pleadings in an attempt to establish his claim. *De La Cruz v. Torrey*, 582 F.2d 45, 48 (9th Cir 1978).

Leave to amend a deficient complaint must be granted "... [u]nless it is absolutely clear that no amendment can cure the defects." *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). While the rules apply equally to complaints brought by *pro se* plaintiffs, such pleadings are held to a less stringent

3 - ORDER

standard than formal pleadings drafted by lawyers. *Becker v. Oregon*, 170 F.Supp. 1061, 1064 (D.Or. 2001).

Plaintiffs have styled their complaint against Dr. Farivar as "in his official capacity", however, there is no evidence currently before the court concerning the present status of Dr. Farivar's employment by Lane County[1].

## CONCLUSION

Based on the foregoing, the defendant's Motion to Drop [#123] is DENIED without prejudice.

IT IS SO ORDERED

DATED this 21st day of December, 2011.

Michael R. Hogan
UNITED STATES DISTRICT JUDGE

---

[1] Dr. Farivar's motion is based solely on his lawyer's affidavit stating that Dr. Farivar is no longer employed by Lane County and thus not subject to suit in his previous official capacity. [#123 - Att.2]. It is well established that the roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively. *People v. Guerrero*, 47 Cal.App.3d 441, 445 (1975)(internal quotations omitted).

4 - ORDER