IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ELIZABETH SNOW; et al, | ) |
|         Plaintiffs, | ) Case No. 10-6224-HO |
|         v. | ) ORDER |
| LANE COUNTY MENTAL HEALTH SERVICES; et al; | ) |
|         Defendants. | ) |

## INTRODUCTION

On February 8, 2011, plaintiffs appearing *pro se*, filed their Second Amended Complaint, a proposed class action alleging "numerous violations of rights" pursuant to the Americans with Disabilities Act (ADA), and the Rehabilitation Act (RA), as well as "discriminatory acts" by state and county defendants. [#47].

On August 9, 2011, all state defendants were dismissed from this action [#113], upon a stipulated motion to dismiss [#111]. Dr. Farivar's previous "Motion to Drop" (construed as a Motion to

1 - ORDER

Dismiss) was denied without prejudice on December 21, 2011. [#129]. Dr. Farivar's renewed Motion to Dismiss is currently before the court. [#136]. To date, plaintiffs have not filed a response to this motion.

## DISCUSSION

This action appears to stem from plaintiffs' objections to government entities cancelling their contracts with two peer-run mental health organizations, SAFE Inc., and Crystal Dimensions. [#47; #54-p.4; #56-p.4].

1. Motion to Dismiss:

A. Standards:

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) is proper only where there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. *Balisteri v. Pacific Police Dept.*, 901 F.2d 696,699 (9th Cir.1990). The issue is not whether the plaintiff is likely to succeed on the merits but if the complaint is sufficient to entitle the plaintiff to proceed beyond the pleadings in an attempt to establish his claim. *De La Cruz v. Torrey*, 582 F.2d 45, 48 (9th Cir 1978).

Leave to amend a deficient complaint must be granted "... [u]nless it is absolutely clear that no amendment can cure the defects." *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). While the rules apply equally to complaints brought

2 - ORDER

by *pro se* plaintiffs, such pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *Becker v. Oregon*, 170 F.Supp. 1061, 1064 (D.Or. 2001).

Plaintiffs have styled their complaint against Dr. Farivar as "in his official capacity." [#47]. Dr. Farivar declares that he was employed by Lane County Mental Health as the Medical Director from October 20, 2008 through August 10, 2011. [#136-2]. He further attests that he no longer works for Lane County in any capacity. *Id.*

Because Dr. Farivar no longer has an official capacity with Lane County, he is properly dismissed from suit in his official capacity in this action. See e.g., *Jeff v. Otter*, 643 F.3d 278, Fn\* (9th Cir. 2011).

## CONCLUSION

Based on the foregoing, the defendant's Motion to Dismiss [#136] is GRANTED.

IT IS SO ORDERED

DATED this 24th day of February, 2012.

*Michael C. Hagan*
UNITED STATES DISTRICT JUDGE

3 - ORDER